1 | DAVID B. FELSENTHAL (Cal. Bar # 140203)
david@novianlaw.com
2 | NOVIAN & NOVIAN, LLP
3 | 1801 Century Park East, Suite 1201
Los Angeles, California 90067
4 | Telephone: (310) 553-1222
Facsimile: (310) 553-0222
5
6 | Attorneys for Defendant,
THE MAGNI GROUP, INC.
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| YOLANDA GARCIA, individually, and on behalf of all others similarly situated, | ) CASE NO. SACV10-270 AG (ANx) ) |
|---|---|
| Plaintiffs, | ) **DEFENDANT THE MAGNI GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** ) |
| v. | ) |
| THE MAGNI GROUP, INC., a Texas corporation; and DOES 1-20, Inclusive, | ) ) |
| Defendants. | ) ) |

ANSWER TO COMPLAINT

Defendant The Magni Group, Inc. ("Defendant"), for itself and for no other party, hereby submits its Answer to the Complaint filed by Plaintiff Yolanda Garcia ("Plaintiff") as follows:

## ANSWER TO ALL COUNTS

1. To the extent Defendant is required, if at all, to answer the two unnumbered paragraphs entitled "Introduction" that precede the numbered paragraphs in the Complaint, Defendant answers the "Introduction" as follows: Defendant denies that Defendant committed any fraud or made any representations that were false or misleading. Defendant denies that its product is "nothing but a few common herbs" or that it "discourages unwary consumers from seeking medical attention." Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations relating to the numbers of Californians who suffer from tinnitus or the severity of all cases of tinnitus. Defendant denies that Plaintiff is entitled to any injunctive relief and denies that Plaintiff is entitled to "recover the profits."

2. Answering paragraph 1 of the Complaint, Defendant admits the allegations therein.

3. Answering paragraph 2 of the Complaint, Defendant admits the allegations therein except as follows: Defendant is a Delaware corporation with its principal place of business in McKinney, Texas.

4. Answering paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. Answering paragraph 4 of the Complaint, paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

6. Answering paragraph 5 of the Complaint, Defendant denies the allegations contained therein.

7. Answering paragraph 6 of the Complaint, paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

8. Answering paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9. Answering paragraph 8 of the Complaint, Defendant: admits that Defendant markets "Magnilife Tinnitus Relief" ("MTR"); admits that Exhibit 1 appears to be a copy of packaging containing MTR and that the statements on the packaging speaks for itself. Defendant denies the remaining allegations contained in this paragraph.

10. Answering paragraph 9 of the Complaint, Defendant admits that Defendant markets MTR to persons seeking relief from the symptoms of tinnitus. Defendant denies the remaining allegations contained in this paragraph.

11. Answering paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12. Answering paragraph 11 of the Complaint, Defendant: admits that MTR is sometimes sold for approximately $20.00 per unit. Defendant denies the remaining allegations contained in this paragraph.

13. Answering paragraph 12 of the Complaint, paragraph 12 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

14. Answering paragraph 13 of the Complaint, paragraph 13 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

15. Answering paragraph 14 of the Complaint, paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

16. Answering paragraph 15 of the Complaint, paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

17. Answering paragraph 16 of the Complaint, paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

18. Answering paragraph 17 of the Complaint, paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

19. Answering paragraph 18 of the Complaint, paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

20. Answering paragraph 19 of the Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 18.

21. Answering paragraph 20 of the Complaint, Defendant denies the allegations contained therein.

22. Answering paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

23. Answering paragraph 22 of the Complaint, Defendant admits that Defendant received the letter attached as Exhibit 2 to the Complaint. Defendant denies the remaining allegations contained in this paragraph.

24. Answering paragraph 23 of the Complaint, paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

25. Answering paragraph 24 of the Complaint, paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

26. Answering paragraph 25 of the Complaint, paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

27. Answering paragraph 26 of the Complaint, paragraph 26 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

28. Answering paragraph 27 of the Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 26.

29. Answering paragraph 28 of the Complaint, Defendant denies the allegations contained therein.

30. Answering paragraph 29 of the Complaint, Defendant denies the allegations contained therein.

31. Answering paragraph 30 of the Complaint, Defendant denies the allegations contained therein.

32. Answering paragraph 31 of the Complaint, Defendant denies the allegations contained therein.

33. Answering paragraph 32 of the Complaint, Defendant denies the allegations contained therein.

34. Answering paragraph 33 of the Complaint, Defendant incorporates by reference its responses to paragraphs 1 through 32.

35. Answering paragraph 34 of the Complaint, Defendant denies the allegations contained therein.

36. Answering paragraph 35 of the Complaint, Defendant denies the allegations contained therein.

37. Answering paragraph 36 of the Complaint, paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Cause Of Action)

38. As a separate and affirmative defense, Defendant alleges that Plaintiff has failed to allege facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Improper Class Action)

39. As a separate and affirmative defense, Defendant alleges that Plaintiff has failed to assert facts sufficient to constitute a class action.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

40. As a separate and affirmative defense, Plaintiff is barred from recovery on the Complaint, and each purported cause of action therein, on the grounds that Plaintiff and her agents have unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Defective Notice)

41. As a separate and affirmative defense, Defendant alleges that with respect to Plaintiff's First Cause of Action, the purported thirty-day notice required pursuant to California Civil Code §1782 was defective and did not comply with the statutory requirements.

## FIFTH AFFIRMATIVE DEFENSE

### (Pari Delicto)

42. As a separate and affirmative defense, Defendant alleges that Plaintiff's complaint against Defendant is barred in that Plaintiff is *in pari delicto* and that said culpability on Plaintiff's part bars the within causes of action.

## SIXTH AFFIRMATIVE DEFENSE

### (Context)

43. As a separate and affirmative defense, Defendant alleges that its advertising is not deceptive when read in context and in light of any applicable rules of the Federal Trade Commission for interpreting advertising.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of her complaint and that judgment be rendered in favor of Defendants;

2. That the proposed classes not be certified;

3. That Defendants be awarded their costs of suit incurred in defense of this action;

4. That Defendants be awarded their reasonable attorney's fees incurred in defense of this action; and

5. For such other relief as the Court deems just and proper.

DATED: April 13, 2010          Respectfully submitted:
                                NOVIAN & NOVIAN, LLP


                                By:/s/ David B. Felsenthal
                                   DAVID B. FELSENTHAL
                                   Attorneys for Defendant THE MAGNI
                                   GROUP, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the below date, this document was electronically filed with the Clerk of the Court through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NFF). I certify that all participants in the case are registered ECF users and that service will be accomplished by the ECF system.

Date: April 13, 2010

/s/ Claire Paterson
Claire Paterson